UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES J. DESPINS,

      Plaintiff,

Case No. 4:06-CV-22

v.

Hon. Richard Alan Enslen

COMMISSIONER OF SOCIAL
SECURITY,

**JUDGMENT**

      Defendant.
_____/

Plaintiff Charles J. Despins has timely objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 25, 2007. The Report recommended that this Court affirm the decision of the Commissioner of Social Security denying Plaintiff's application of a closed period of disability insurance benefits between June 28, 1998 and May 3, 2003.[1]

This Court reviews the decision of the Commissioner of Social Security to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). Upon such review, the Court determines that substantial evidence does support the decision denying disability insurance benefits. In particular, the record discloses that Plaintiff's disability insured status lapsed on December 31, 2001. As such, evidence of disability after that date becomes irrelevant unless the record supports that Plaintiff qualified for disability during the term of his insured status. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). By

---

[1] The latter date is the date on which Plaintiff became eligible for full social security benefits on account of his age. *See* 42 U.S.C. § 416(i)(2)(D) (stating that the period of disability insurance benefits shall end not later than the close of the month preceding the month at which the applicant reaches retirement age).

statute and regulation, the duration requirement for disability, except for fatal conditions, is 12 months. *See* 42 U.S.C. § 416(i)(1); 20 C.F.R. § 404.1509. Plaintiff did suffer a cardiac condition which was treated by an aortic valve replacement and replacement of the ascending aorta in July 1998. (Administrative Transcript ("Tr.") 102-06.) Notwithstanding, by late October of that year, the medical records showed recovery and that Plaintiff could walk a mile without adverse effect. (Tr. 351.) By December 1998, he could walk without limitation and his physical examination was unremarkable. (Tr. 347.) Later medical testing showed normal cardiac results between 1999 and the end of 2001, as explained in the Report. Plaintiff's complaints about his vision, hearing and benign tremor together are significant. However, the medical records show that these medical conditions manifested after the lapse of the insured status with the exception of the tremor. While the tremor did manifest itself in 1998, the record supports that the condition did not require medication or treatment prior to December 31, 2001. Plaintiff's medical condition did not disqualify him from his past relevant work during the period of his insured status. As such, the decision of the Administrative Law Judge should be affirmed.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Charles J. Despins' Objections (Dkt. No. 12) are **DENIED**, the Report and Recommendation (Dkt. No. 11) is **ADOPTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>       March 5, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |